**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
Central Division**

| | |
|---|---|
| IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND;<br><br>TRUSTEES OF THE IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE FUND;<br><br>LABORERS' NATIONAL PENSION FUND;<br><br>TRUSTEEES OF THE LABORERS' NATIONAL PENSION FUND;<br><br>      Plaintiffs,<br><br>v.<br><br>REYNOLDS CONSTRUCTION, LLC<br>6225 N. Country Re 75 E<br>Orleans, Indiana 47452<br><br>Registered Agent: CT Corporation System,<br>        400 E Court Ave.<br>        Des Moines, Iowa 50309<br><br>      Defendant | Case No. _____ |

**COMPLAINT**

**NATURE OF THE CASE**

1. This Complaint brings an action to collect delinquent fringe benefit contributions and to compel an audit regarding contributions from Reynold's Construction, LLC ("Defendant") which are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreement(s) (hereinafter "CBAs") with the Plaintiffs.

1

## PARTIES

2. Plaintiff Iowa Laborers' District Council Health and Welfare Fund (hereinafter "Plaintiff Health and Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2415 Ingersoll Avenue, Des Moines, Iowa 50312. Plaintiff Health and Welfare Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Laborers' National Pension Fund (hereinafter "Plaintiff Pension Fund) is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 14140 Midway Rd, # 105, Dallas, Texas 75244. Plaintiff Pension Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d).

4. Defendant Reynolds Construction, LLC ("Defendant") is a Limited Liability Company organized and existing under the laws of the State of Illinois and is an employer within the meaning of 29 U.S.C. § 1002(5). Defendant engages in business in Iowa, entered into the agreement which requires it to remit contributions to the Plaintiff Funds which are administered in Des Moines, Iowa, and performs work covered under the terms of such agreement in Iowa. Defendant's Registered Agent is located at 400 E. Court Ave., Des Moines, Iowa 50309.

## JURISDICTION

5. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

6. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) because Plaintiff Iowa Laborers District Council Health and Welfare Trust Fund is administered in Des Moines, Iowa, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Iowa.

## COUNT I: DELINQUENT CONTRIBUTIONS

7. Plaintiffs hereby incorporate paragraphs 1 through 6 above as if set forth fully herein.

8. On or about August 19, 2021, Defendant became signatory to a multi-employer collective bargaining agreement between the Heavy Highway Contractor's Association and the Great Plains Laborers' District Council (the "CBA"). The Agreement is attached hereto as Exhibit A. Defendant's signature page is attached as Exhibit B.

9. The CBA covers all "highway-heavy and railroad construction" work, as defined by Article 4, Section 2 of the CBA, performed by Defendant's bargaining-unit employees performed within the geographical jurisdiction of the CBA.

10. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust ("Trust Agreement"). Such Trust Agreements are incorporated into the CBA under Article 10, Section 1 of the CBA.

11. Among other duties imposed upon Defendant under the CBA, Defendant is obligated under the CBA and incorporated Trust Agreements to remit fringe benefit reports and contributions to the Plaintiff Funds based on the number of hours of covered work performed by bargaining unit employees, at the rates established in such CBA and/or incorporated Trust Agreements.

12. The CBA requires reports and contributions to be made by the 20th of each month following the month in which the work was performed.

13. The CBA and incorporated Trust Agreements provide that in any action brought by the Plaintiff Funds to enforce compliance with the contributions requirements set forth

therein, the Plaintiff Funds are empowered to collect unpaid contributions, interest on such unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action.

14. Upon information and belief, Defendant has employed individuals who have performed work covered by the terms of the CBA.

15. For the months of June 2023 through present, Defendant has failed to remit contributions and reports to the Plaintiff Health and Welfare Fund for hours of covered work performed by its employees in the jurisdiction of the CBA.

16. Due to such failure to remit reports and contributions, Defendant is liable to the Plaintiff Funds in an amount that is presently unknown, but to be determined in this action, for contributions due and owing for hours of covered work performed by Defendant's employees for the months of June 2023 to present, and for such additional future months for which defendant fails to remit reports and contributions to the Funds during the pendency of this action. Defendant is further liable to the Plaintiff Funds for interest and liquidated damages on such delinquent contributions.

### COUNT II – ACTION TO COMPEL PAYROLL AUDIT

17. Plaintiffs hereby incorporate paragraphs 1 through 16 above as if set forth fully herein.

18. In addition to the contribution requirements set forth above, Article 10, Section 2 of the CBA, consistent with the incorporated Trust Agreements, authorizes the Trustees or their designee to perform an audit of the payroll and business records of the Defendant to determine whether Defendant has accurately reported and remitted contributions to the Funds based on the number of hours of covered work performed by its employees, and whether Defendant have otherwise abided by the fringe benefit contribution obligations as set forth in the CBA.

19. The CBA and incorporated Trust Agreements provide that if legal action is necessary to compel an audit as set forth above, the Defendant shall be liable for the costs of the audit and any reasonable attorneys' fees and costs of such action.

20. On multiple occasions in 2022, the Plaintiff Funds by and through their third-party auditor and/or their attorneys, have requested access to Defendant's payroll and business records for the time period of January 2021 to present, in order to perform an audit. To date, Defendant has failed to comply with the audit.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Order an audit of Defendant's payroll records to determine the amount of fringe benefit contributions due and owing to the Funds for the time period of January 2021 to present;

b. Enter a judgement in the Funds' favor for any amounts found due by the audit, including any unpaid fringe benefit contributions, together with any liquidated damages, interest, attorneys' fees, and costs of such audit;

c. Enter a judgment in the Funds' favor against the Defendant for any contributions or other sums which become due to the Funds during the pendency of this action;

d. Enter a judgment in the Funds' favor against Defendant for all reasonable attorneys' fees and costs of this action;

e. That jurisdiction of this matter be retained, pending compliance with the above orders; and

f. For any other relief which the Court deems just and proper under the circumstances.

Dated November 17, 2023                Respectfully Submitted,

                                                              **BLAKE & UHLIG, P.A.**

                                                              /s/ Michael E. Amash
                                                              Michael E. Amash
                                                              Iowa Bar # AT0011604
                                                              6803 West 64th Street, Ste. 300
                                                              Overland Park, KS 66202
                                                              Phone: (913)321-8884
                                                              Fax:    (913)321-2396
                                                              Email: mea@blake-uhlig.com